**In re HEATER CORPORATION OF the AMERICAS, INC., Debtor.**

**Bankruptcy No. 88–02780–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

March 16, 1989.

See also, Bkrtcy., 97 B.R. 657.

Jordan E. Bublick, Miami, Fla., for debtor.

## ORDER ALLOWING FEES

THOMAS C. BRITTON, Chief Judge.

By a separate Order, this debtor's chapter 11 amended plan has been confirmed. (CP 92). At the confirmation hearing held January 10, two fee applications, totalling $11,588, were also heard. (CP 38, 39, 40). They were unopposed. This Order addresses those applications.

### The Debtor

The debtor makes, in La Belle, and sells, in Wisconsin and Florida, temporary gas-fired heaters, primarily for greenhouses and poultry farms. It filed for bankruptcy in July 1988 because it showed no profit despite growing sales. Its chapter 11 plan was filed without delay on September 30.

In its first three months after bankruptcy, the debtor had total sales of $245,885 and profits of $66,036. From future earnings, the confirmed plan proposes to pay an $18,679 IRS claim in full with interest over a six-year period and, at the same time, 40% of about $250,000 unsecured debt over four years. The secured debt is minimal, $6,894.

The fee applicants have done their work well and have benefited both the debtor and its creditors.

### The Debtor's Attorney

■ The original and timely application of the debtor's attorney seeks $6,119 for 48.95 hours at $125 an hour together with $319.50 expenses. The application is complete. The time spent was reasonable and necessary. The hourly rate is reasonable.

The quality of this attorney's work is well above the average level seen by this court. This debtor's reorganization would have been doomed had not this attorney litigated and settled $1 million worth of claims for $70,000.

The application is approved in its entirety. A retainer of $5,800 was received from the debtor before bankruptcy. He is entitled, therefore, to priority payment of the balance of fees and expenses, $638.25.

■ Four days before the confirmation hearing and the hearing on the fee applications, and seven weeks after the November 18 deadline for fee applications set by this court's Order of October 12 (CP 32), this attorney filed a supplemental fee application seeking $7,531.50 for 60.25 additional hours, $55.50 additional expenses, and a $500 filing fee he failed to bill in his initial application. (CP 61).

The deadline for fee applications was set to give creditors a reasonable opportunity to challenge the applications at the statutorily required[1] hearing.

It was also set because, without a deadline, creditors would be required to vote and this court would be required to evaluate the feasibility of the reorganization plan with an open-ended liability for administrative expenses, which enjoy first priority.[2]

The list of all fee applications, prepared by the attorney and sent to all creditors December 1 with the amended plan, disclosure statement, and the creditors' ballots, sets forth, of course, only the timely "final" fee applications of the debtor's attorney and accountant. It could have, but did not estimate the cost of future services that would be required before the confirmation hearing. (CP 45).

---

**1.** 11 U.S.C. § 330(a).

**2.** § 503(b), § 507(a)(1).

The creditors who accepted this plan had a right to assume that there would be no other priority administrative expenses.

For the foregoing reason and solely for that reason, the supplemental application is denied administrative priority. The applicant must look to the debtor for payment out of future earnings at such times and in such amounts as will not impair the debtor's ability to meet the obligations of its plan.

### The Debtor's Accountant

 The original and timely application of the debtor's accountant requests $5,150 for 103 hours at $50 an hour. This unusual amount of time was necessary because the state of the debtor's financial records was the principal cause of its distress. This applicant spotted the problem, converted the debtor from cash to accrual accounting, reconstructed its records, and is providing the kinds of reports necessary for the debtor's survival.

In addition, this applicant prepared and filed the debtor's 1987 tax return and assembled the data for its 1988 return.

The application (CP 39, 40) is complete and reasonable.[3] It is approved. The accountant has received no prior payment.

Like the attorney, the accountant has filed a supplemental application (CP 57) asking $2,000 for 40 additional hours spent between November 3 and January 3. The supplemental application was filed only one day before that filed by the attorney. For the reasons explained above, the supplemental application is denied without prejudice, of course, to payment from the debtor's future income at such times and in such amounts as will not jeopardize the debtor's ability to meet the obligations of its plan.

DONE and ORDERED.

---

3. The $50 hourly charge for coding and key punching this debtor's data, which makes up much of the time spent for this debtor exceeds the customary charges for these services in this community as seen in this court, but in consideration of the situs of the debtor's records and the other circumstances, I find this charge reasonable.